## ORDER

tion relief because plea counsel misled him, making him believe that he was pleading guilty to conspiracy to commit rape, which would have carried a lesser sentence. Because the findings of the motion court are supported by the record and are not clearly erroneous, we affirm. A published opinion would have no precedential value. A memorandum of the reasons for the decision has been furnished to the parties.

The judgment is affirmed. Rule 84.16(b).

**Rodney Dwayne GIBSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 53179.**

Missouri Court of Appeals,
Western District.

Submitted May 21, 1997.

Decided Aug. 26, 1997.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and SPINDEN and SMART, JJ.

### *ORDER*

PER CURIAM.

Rodney Dwayne Gibson appeals from the denial of his Rule 24.035 motion for post-conviction relief, after an evidentiary hearing. Gibson sought to vacate his conviction for rape, § 566.030, RSMo 1994, for which he was sentenced to life imprisonment. Gibson contends that the motion court erred in denying his Rule 24.035 motion for post-convic-